THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DONALD E. STUBBS, Appellant.

Third Department, November 5, 1992

**APPEARANCES OF COUNSEL**

*James W. Cooper,* Warrensburg, for appellant.

*Robert M. Winn, District Attorney* of Washington County, Hudson Falls, for respondent.

**OPINION OF THE COURT**

MERCURE, J.

On December 12, 1989 defendant, an inmate at Great Meadow Correctional Facility in Washington County, was involved in an altercation with prison personnel, during the course of which defendant seized a baton and struck correction officers with it. As a result, defendant was indicted for two counts of assault in the second degree and one count of promoting prison contraband in the first degree. Following a jury trial, defendant was found guilty as charged and a judgment of conviction was entered thereon. Defendant appeals and we now affirm.

We turn first to the contention that defendant was denied equal protection of the law as a result of the People's exercise of peremptory challenges to strike the only two venirepersons of "minority race". The record establishes that jury selection was completed on September 10, 1990. The following day, just prior to opening statements, defendant's counsel moved for a mistrial upon the ground that the People had exercised peremptory challenges to disqualify two jurors, Nabua Dupey and Valentin De Santis, "who may have been members of a minority race" and who were "the only two minorities" in the jury pool. The motion was denied summarily, County Court

indicating that it had no recollection of the jurors and noting that "[n]othing was suggested yesterday about anything * * * [and] [i]f there were two such people they were discharged". Subsequently, the District Attorney stated for the record that De Santis, believed to be Hispanic, was one of two prospective jurors who had been excluded because they were employed as social workers. There is no indication in the record of the "minority race" or the reason for the People's challenge of Dupey or evidence of the racial composition of the balance of the venire.

■ Even accepting, arguendo, that defendant's application, made after the conclusion of jury selection, was timely *(see, People v Scott,* 70 NY2d 420, 425; *cf., People v Harris,* 151 AD2d 961), we are nonetheless of the view that defendant failed to meet his initial burden of "mak[ing] a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race" *(Hernandez v New York,* 500 US —, —, 111 S Ct 1859, 1866). In *Batson v Kentucky* (476 US 79), the United States Supreme Court set forth three steps for satisfying the requirement of a prima facie showing of discrimination: (1) the defendant is a member of a cognizable racial group, i.e., one "capable of being singled out for differential treatment" *(supra,* at 94), (2) the prosecutor's use of peremptory challenges resulted in the exclusion of members of defendant's race from the jury, and (3) facts and other relevant circumstances sufficient to raise an inference that the prosecutor used the challenges for discriminatory purposes *(supra,* at 96; *see, People v Bolling,* 79 NY2d 317, 320). In *Powers v Ohio* (499 US —, —, 111 S Ct 1364, 1373-1374), the Supreme Court extended the *Batson* rationale to cases where the defendant and the challenged juror are not of the same racial group.

Although no Supreme Court or New York decision has been called to our attention which has reconsidered the *Batson (supra)* prima facie requirement in a case where the defendant and the challenged juror were not members of the same racial group *(see, United States v Malindez,* 962 F2d 332; *United States v Rodriguez,* 935 F2d 194, *cert denied sub nom. Leon v United States,* — US —, 112 S Ct 911; *but see, People v Bolling, supra,* at 320-321), it is our view that the burden remains on the defendant to show that the challenged juror is a member of a cognizable racial group and that the prosecutor used the peremptory challenge on the basis of race *(see,*

*United States v Malindez, supra; United States v Rodriguez, supra; see also, Hernandez v New York, supra).* It necessarily follows that, in order to satisfy his or her initial burden, a defendant must identify the challenged juror's race or identifiable group *(see, Castaneda v Partida,* 430 US 482, 494; *People v Smith,* — AD2d —, 1992 NY Slip Op 03309 [1st Dept, Sept. 10, 1992]; *People v Guillory,* 168 AD2d 357, *lv denied* 77 NY2d 961; *People v Liguori,* 149 AD2d 624, *lv denied* 74 NY2d 813). Here, the vague claim that the jurors *"may* have been members of *a minority race"* (emphasis supplied) was clearly insufficient.

■ ■ Next, we reject the contention that County Court erred in refusing to dismiss the indictment as the result of the People's failure to notify defendant of submission of the criminal charges to a Grand Jury. Defendant had not been arraigned on a remaining felony complaint and the hearing evidence provided adequate support for County Court's factual determination that defendant did not serve upon the District Attorney a notice requesting his appearance before the Grand Jury. Under the circumstances, defendant was not entitled to notice of the proceedings *(see,* CPL 190.50 [5] [a]; *People v Nunez,* — AD2d —, 1992 NY Slip Op 03552 [3d Dept, Sept. 14, 1992]; *People v Grey,* 150 AD2d 823, 824, *lv denied* 74 NY2d 810). The contention that defendant was denied equal protection of the law by virtue of the fact that criminal proceedings against prison inmates are normally not initiated by the filing of a felony complaint in a local criminal court was considered and rejected by this Court in *People v Grey* (135 AD2d 1031). Further, in the absence of a good-faith factual predicate for a belief that exculpatory material could be found in the personnel records of prosecution witnesses employed as correction officers, County Court acted within its discretion in denying defendant's application for production thereof *(see,* Civil Rights Law § 50-a [2]; *People v Gissendanner,* 48 NY2d 543, 550; *People v Valentine,* 160 AD2d 325, *lv denied* 76 NY2d 797; *People v Harris,* 121 AD2d 788, *lv denied* 68 NY2d 770). Finally, we reject the contentions that defendant was deprived of a fair trial by virtue of County Court's marshaling of the evidence or the claimed ineffectiveness of assigned legal counsel.

WEISS, P. J., LEVINE, MAHONEY and CASEY, JJ., concur.

Ordered that the judgment is affirmed.