■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PONCE, Appellant. [714 NYS2d 592] —Spain, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered August 31, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.

The prosecution commenced this action by filing a sealed two-count indictment which charged defendant with criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. Both counts of the indictment were based upon defendant's possession of a utility knife blade which was discovered when defendant, a prison inmate, was frisked by a correction officer. After a jury trial defendant was convicted of both counts and, on his appeal, we affirm.

There is no merit to defendant's claim that County Court erred in denying his motion to dismiss the indictment. Defendant's right to testify before the Grand Jury, which he claims was violated, is purely statutory (*see, People v Smith*, 87 NY2d 715, 720). It is undisputed that defendant never served a written notice pursuant to CPL 190.50 (5) (a) of his intention to testify before the Grand Jury (*see, People v Evans*, 79 NY2d

407, 412). Further, where, as here, there was no pending felony complaint, defendant was not entitled to notice of the Grand Jury proceeding (*see,* CPL 190.50 (5) [a]; *see also, People v Hernandez,* 210 AD2d 535, 537, *lv denied* 84 NY2d 1032; *People v Stubbs,* 183 AD2d 178, 181, *lv denied* 81 NY2d 848).

Also lacking in merit is defendant's claim that County Court erred in granting the People's motion to amend the indictment. Although the caption of the indictment and the second count of the indictment correctly identified defendant, the first count of the indictment erroneously referred to "defendant, HENRY MORALES." CPL 200.70 (1) authorizes a court-ordered amendment of an indictment "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury * * * or otherwise tend to prejudice the defendant on the merits." A reading of the Grand Jury minutes establishes that the Grand Jury intended to charge defendant, not Henry Morales, with the crime alleged in the first count of the indictment, and defendant claims no prejudice on the merits as a result of the misnomer. In these circumstances, County Court correctly ordered that the indictment be amended to substitute defendant's name for that of Henry Morales (*see, People v Ganett,* 51 NY2d 991, 993).

Defendant's remaining claim—that he was denied effective assistance of counsel—is primarily based on the type of hindsight and second guessing of trial tactics and strategy that are patently insufficient to support such a claim and is rejected (*see, People v Gonsa,* 220 AD2d 27, 31-32, *lv denied* 89 NY2d 923). An objective evaluation of defense counsel's performance reveals that defendant received meaningful representation (*see, People v Satterfield,* 66 NY2d 796, 799; *People v Butler,* 273 AD2d 613; *People v Livingston,* 262 AD2d 786, 788, *lv denied* 94 NY2d 881).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.