■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PERKINS, Appellant. [731 NYS2d 903] —Spain, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 10, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged with promoting prison contraband in the first degree after he was discovered to be in possession of an $8^3/_4$-inch-long metal rod sharpened on one end. After entering a plea of not guilty in County Court, defendant filed an omnibus pretrial motion, which included a motion to dismiss the indictment based on the contention that his right to testify before the Grand Jury had been violated and that the prosecution had failed to turn over to the defense certain documents prepared and/or maintained by correctional facility employees. Following the denial of the motion by County Court, defendant entered an *Alford* plea to the reduced charge of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of $1^1/_2$ to 3 years, to be served consecutively with the sentence he was then serving.

Defendant appeals, contending that his constitutional rights were violated when he was deprived of the opportunity to

testify before the Grand Jury as a result of the prosecution's failure to provide notice informing him when the Grand Jury would convene to consider his case. Defendant concedes that he was required by the terms of CPL 190.50 (5) (a) to give the prosecution written notification of his intention to testify before the Grand Jury (*see, People v Blue*, 269 AD2d 232, *lv denied* 95 NY2d 793, 794). He asserts, however, that his failure to do so was occasioned by his belief, based on prior experiences with the prison disciplinary system, that he would only be charged with a violation of a prison disciplinary rule and that no criminal charges would be filed against him.

Upon entering a guilty plea in open court, however, defendant forfeited the right to seek review of any claim "relating to the deprivation of rights that took place before the plea was entered" (*People v Hansen*, 95 NY2d 227, 230; *see, People v Taylor*, 65 NY2d 1, 5; *People v Robertson*, 279 AD2d 711, *lv denied* 96 NY2d 805), including a claim of preindictment prosecutorial misconduct (*see, People v Di Raffaele*, 55 NY2d 234, 240). Defendant's guilt was established by the entry of his knowing and voluntary *Alford* plea (*see, North Carolina v Alford*, 400 US 25). Accordingly, this issue has not been preserved for our review.

In any event, were we to consider this issue, we would find it to be meritless. There is no requirement that the object of Grand Jury proceedings must be given notice except under the specific circumstances enumerated in CPL 190.50 (5) (a), which have no application to the situation presented here (*see, People v Ponce*, 276 AD2d 921, *lv denied* 96 NY2d 786).

Similarly unreviewable is defendant's contention that County Court committed reversible error by denying his motion for the production of certain documents prepared and/or maintained by Department of Correctional Services employees. Judicial review of issues relating to pretrial discovery is forfeited by the entry of a guilty plea (*see, People v Hansen, supra*, at 230).

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.