■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN LOPEZ, Appellant. [922 NYS2d 402]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 3, 2010, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (*People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). Here, the court's inquiry consisted of according defendant a full opportunity to present his claims both in writing and orally, and the circumstances did not warrant any further inquiry. The record establishes that the plea was knowing, intelligent and voluntary. Both the plea minutes and the court's recollection of the plea proceedings contradict defendant's assertion that medication affected his ability to understand the proceedings (*see People v Alexander*, 97 NY2d 482 [2002]). While there is evidence that defendant was taking medication for his physical illnesses, there is no evidence that it affected his comprehension. Defendant's conclusory claims of innocence and coercion were likewise meritless and contradicted by the record. Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.