Appeal by the defendant from (1) an order of the Supreme Court, Suffolk County (Crecca, J.), dated March 19, 2012, which denied her motion to withdraw her plea of guilty, and (2) a judgment of the same court rendered May 4, 2012, convicting her of sexual abuse in the second degree, upon her plea of guilty, and imposing sentence.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed.
The appeal from the order must be dismissed, as no appeal lies, as of right or by permission, from an order denying a motion to withdraw a plea of guilty (see CPL 460.10, 460.15). However, the issues raised on the appeal from the order are brought up for review on the appeal from the judgment.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the Supreme Court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60 [3]; People v Seeber, 4 NY3d 780 [2005]; People v Duncan, 78 AD3d 1193 [2010]). Here, contrary to the defendant’s contention, there is no proof that her plea was involuntary or unintelligent (see People v Adelman, 36 AD3d 926, 927 [2007]). In particular, both the plea minutes and the court’s recollection of the plea proceedings contradict the defendant’s allegation that her alleged *978 intoxication at the time of the plea affected her ability to understand the proceedings (see People v Lopez, 84 AD3d 578 [2011]). Accordingly, the Supreme Court did not improvidently exercise its discretion by denying the defendant’s motion to withdraw the plea.
There is no merit to the defendant’s contention that she was deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668 [1984]; People v Caban, 5 NY3d 143 [2005]; People v Henry, 95 NY2d 563, 565 [2000]; People v Caruso, 88 AD3d 809 [2011]).
Dillon, J.E, Balkin, Austin and Sgroi, JJ., concur.