Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 27, 2012, convicting him of murder in the second degree and assault in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in denying his motion to withdraw his plea of guilty (see CPL 220.60 [3]). There was no proof that the defendant’s plea was involuntarily or unintelligently entered, and the defendant’s assertion that he did not understand the proceedings was contradicted by both the plea *825 minutes and the Supreme Court’s recollection of the plea proceedings (see People v Zabriskie, 105 AD3d 1068 [2013]; People v Tepley, 105 AD3d 977 [2013]; People v Ramos, 77 AD3d 773, 774 [2010]; People v Woodhouse, 65 AD3d 1267, 1267 [2009]; People v Williams, 183 AD2d 866, 866 [1992]). Furthermore, the defendant was afforded an adequate opportunity to present his contentions (see People v Frederick, 45 NY2d 520, 525-526 [1978]; People v Tinsley, 35 NY2d 926, 927 [1974]), and since there was no legitimate question as to the voluntariness of his plea, the Supreme Court providently exercised its discretion in denying the defendant’s motion without conducting an evidentiary hearing (see People v Brown, 14 NY3d 113, 116 [2010]; People v Jacob, 94 AD3d 1142, 1143 [2012]; People u Duncan, 78 AD3d 1193, 1194 [2010]).
The defendant’s contention that his plea should be vacated based on his claim of ineffective assistance of counsel is predicated, at least in part, on “matters that are outside the record” (People v Maxwell, 89 AD3d 1108, 1109 [2011]). Since it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel, “[t]he claim should be raised in a postconviction application under CPL article 440, where the basis of the claim may be fully developed” (People v Haffiz, 19 NY3d 883, 885 [2012]). Rivera, J.P., Hall, Cohen and Miller, JJ., concur.