■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER KILMER, Appellant. [20 NYS3d 132]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Zuckerman, J.), rendered May 22, 2014, convicting him of robbery in the second degree, upon his plea of guilty (Greller, J.), and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to withdraw his plea of guilty.

Ordered that the judgment is affirmed.

"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (*People v Duncan*, 78 AD3d 1193, 1193 [2010]; *see People v Tepley*, 105 AD3d 977, 977 [2013]). Here, the defendant sought to withdraw his plea of guilty on the grounds that it was not entered knowingly or voluntarily. The record of the plea proceeding, however, belies the defendant's contention that his plea was not knowing because, at the time he pleaded guilty, he lacked the capacity to understand the nature of the proceeding or the consequences of his plea (*see People v DeBenedetto*, 120 AD3d 1428, 1429 [2014]; *People v Gordon*, 107 AD3d 739, 740 [2013]; *People v Keiser*, 100 AD3d 927, 928-929 [2012]; *People v Brooks*, 89 AD3d 747, 747-748 [2011]; *People v M'Lady*, 59 AD3d 568, 568 [2009]). Also without merit is the defendant's contention that his plea of guilty was not voluntarily entered.

Further, the defendant sought to withdraw his plea on the ground that the judge who presided over his plea proceeding and later recused himself had a conflict of interest. The defendant's factual allegations, however, even if true, would not have established a conflict of interest (*see People v Allen*, 71 AD3d 778, 779 [2010]; *People v McGriff*, 231 AD2d 648, 649 [1996]). Accordingly, the County Court did not improvidently exercise

its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.