■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL UPSON, Appellant. [21 NYS3d 688]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered January 8, 2014, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Young*, 97 AD3d 771 [2012]; *People v Watt*, 82 AD3d 912 [2011]). Insofar as the defendant contends that defense counsel's conduct affected the voluntariness of his plea, the claim is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Borges*, 130 AD3d 1057, 1058 [2015]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel as it relates to the voluntariness of his plea (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

Moreover, the record reflects that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]). The defendant's postplea assertions regarding his innocence contradicted the admissions made under oath at his plea allocution, and were insufficient to warrant vacatur of his plea or a hearing (*see People v Martinez*, 129 AD3d 1106, 1107 [2015]; *People v Dazzo*, 92 AD3d 796 [2012]). Thus, the Supreme Court properly denied, without a hearing, the defendant's motion to withdraw his plea of guilty

(*see* CPL 220.60 [3]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.