■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN STREET, Appellant. [39 NYS3d 824]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered October 16, 2013, convicting him of driving while ability impaired by drugs in violation of Vehicle and Traffic Law § 1192 (4), aggravated unlicensed operation of a motor vehicle in the second degree, and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not

be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 483-484 [2002]; *People v Bennett*, 115 AD3d 973, 973-974 [2014]; *People v Howard*, 109 AD3d 487, 487 [2013]; *People v Crawford*, 106 AD3d 832, 833 [2013]). When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court and a hearing will be granted only in rare instances (*see People v Brown*, 14 NY3d 113, 116 [2010]; *People v Bennett*, 115 AD3d at 974; *People v Howard*, 109 AD3d at 487; *People v Anderson*, 98 AD3d 524, 524 [2012]). Here, the record reflects that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). The defendant's postplea assertions that he was innocent contradicted the admissions made under oath at his plea allocution, and were insufficient to warrant vacatur of his plea or a hearing (*see People v Upson*, 134 AD3d 1058, 1058 [2015]; *People v Martinez*, 129 AD3d 1106, 1107 [2015]; *People v Dazzo*, 92 AD3d 796, 796 [2012]).

Further, by pleading guilty, the defendant forfeited appellate review of his contention that he did not receive pretrial discovery (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]; *People v Campbell*, 73 NY2d 481, 486 [1989]; *People v Pryor*, 12 AD3d 695, 695 [2004]; *People v Perkins*, 288 AD2d 506, 507 [2001]). Balkin, J.P., Chambers, Roman, Duffy and Barros, JJ., concur.