■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN ZAMANI, Appellant. [42 NYS3d 852]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered September 24, 2015, convicting him of burglary in the first degree (two counts) and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

CPL 220.60 (3) provides that "[a]t any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty . . . to withdraw such

plea." A motion to withdraw a plea of guilty is addressed to the sound discretion of the Supreme Court, and, as a general rule, its determination will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780, 780-781 [2005]; *People v Douglas*, 83 AD3d 1092, 1092 [2011]).

Here, the defendant's contention that defense counsel's conduct affected the voluntariness of his plea is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim[ ] of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011] [internal quotation marks omitted]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel as it relates to the voluntariness of his plea (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

Moreover, the record reflects that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]). Accordingly, under the circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea of guilty (*see People v Upson*, 134 AD3d 1058, 1058 [2015]; *People v Haywood*, 122 AD3d 769, 770 [2014]). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.