■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON N. SMITH, Appellant. [49 NYS3d 501]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Condon, J.), rendered July 24, 2015, convicting him of criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 24, 2015, revoking a sentence of probation previously imposed by that court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Street*, 144 AD3d 711, 711-712 [2016]; *People v Rodriguez*, 142 AD3d 1189, 1190

[2016]). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (*People v Smith*, 54 AD3d 879, 880 [2008]; *see People v Rodriguez*, 142 AD3d at 1190; *People v Zakrzewski*, 7 AD3d 881, 881 [2004]). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (*see People v Tinsley*, 35 NY2d 926 [1974]; *People v Street*, 144 AD3d at 712). Here, the record reflects that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 546 [1993]; *People v John*, 107 AD3d 824, 825 [2013]). The defendant's postplea assertions that he was innocent contradicted the admissions made under oath at his plea allocution, and were insufficient to warrant vacatur of his plea, a hearing, or further inquiry by the court (*see People v Tinsley*, 35 NY2d 926 [1974]; *People v Street*, 144 AD3d at 712; *People v Rodriguez*, 142 AD3d at 1190; *People v Upson*, 134 AD3d 1058, 1058 [2015]).

Further, contrary to the defendant's contention, the sentence imposed on his previous conviction of attempted criminal sale of a controlled substance in the third degree, a one-year term of incarceration and a one-year period of postrelease supervision, was not illegal or improper (*see* Penal Law §§ 60.01, 60.04, 70.45, 70.70). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.