■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. RODRIGUEZ, Appellant. [63 NYS3d 441]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered October 19, 2016, convicting him of conspiracy in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Smith*, 148 AD3d 939, 939 [2017]). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (*People v Rodriguez*, 142 AD3d 1189, 1190 [2016] [internal quotation marks omitted]). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (*see People v Tinsley*, 35 NY2d 926 [1974]; *People v Street*, 144 AD3d 711, 712 [2016]). Here, the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Smith*, 148 AD3d at 939). The defendant's postplea assertions that he was innocent contradicted the admissions made under oath at his plea allocution, and were insufficient to warrant a hearing, vacatur of his plea, or further inquiry by the court (*see People v Tinsley*, 35 NY2d at 927; *People v Smith*, 148 AD3d at 939; *People v Haywood*, 122 AD3d 769, 769 [2014]).

The defendant's contention that his counsel's ineffectiveness affected the voluntariness of his plea is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Thompson*, 150 AD3d 1156, 1157 [2017]; *People v Leverich*, 139 AD3d 756 [2016]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Leverich*, 139 AD3d at 757; *People v Adamson*, 131 AD3d 701, 703 [2015]; *People v Maxwell*, 89 AD3d at 1109). Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.