Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered February 25, 2016, convicting him of aggravated family offense, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 On November 10, 2015, the defendant was indicted on 10 charges of aggravated family offense (Penal Law § 240.75). Following plea allocution proceedings held on December 22, 2015, the defendant pleaded guilty to the first count of the indictment in satisfaction of the full indictment, and was thereafter sentenced. After pleading guilty, but prior to sentencing, the defendant moved to withdraw his plea of guilty. The County Court denied the motion.
 

 A motion to withdraw a plea of guilty is addressed to the sound discretion of the sentencing court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see People v Seeber, 4 NY3d 780 [2005]; People v Street, 144 AD3d 711 [2016]; People v Anderson, 98 AD3d 524 [2012]).
 

 Here, the defendant sought to withdraw his plea of guilty on the grounds that the County Court did not make a determination that he and the victim were or have been in an intimate relationship, an element of aggravated family offense, and that the plea was not voluntarily made.
 

 “[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime” (People v Goldstein, 12 NY3d 295, 301 [2009]; see People v Johnson, 23 NY3d 973, 975 [2014]; People v Seeber, 4 NY3d at 781; People v Clairborne, 29 NY2d 950, 951 [1972]). Rather, “[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea” (People v Goldstein, 12 NY3d at 301; see People v Anlyan, 142 AD3d 670, 671 [2016]). The record of the plea proceedings demonstrates that the defendant not only fully understood the charge against him of aggravated family offense, but that he admitted to all the essential elements of that charge and that his plea of guilty was voluntarily entered.
 

 The defendant’s contention raised in his pro se supplemental brief that Penal Law § 240.75 is unconstitutionally vague, ambiguous, and overbroad is unpreserved for appellate review (see CPL 470.05 [2]), and we decline to review it in the exercise of our interest of justice jurisdiction.
 

 The defendant’s remaining contentions are without merit.
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.