People v Dowling (2018 NY Slip Op 00844)





People v Dowling


2018 NY Slip Op 00844


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2011-09513
 (Ind. No. 10116/07)

[*1]The People of the State of New York, respondent,
v
Javon Dowling, appellant.


Edmond R. Shinn, Forest Hills, NY (Justin C. Bonus of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered February 9, 2011, convicting him of conspiracy in the second degree and criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
A motion to withdraw a plea of guilty is addressed to the sound discretion of the Supreme Court, and, as a general rule, its determination will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Seeber, 4 NY3d 780, 780-781; People v Douglas, 83 AD3d 1092, 1092).
Here, the defendant's contentions, in both his main brief and his pro se supplemental brief, that defense counsel's ineffectiveness affected the voluntariness of his plea is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel as it relates to the voluntariness of his plea (cf. People v Crump, 53 NY2d 824; People v Brown, 45 NY2d 852). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
Moreover, the record reflects that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Fiumefreddo, 82 NY2d 536, 543). Accordingly, under the circumstances, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (see People v Zamani, 145 AD3d 1046, 1047; People v Upson, 134 AD3d 1058, 1058).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court