People v Johnson (2019 NY Slip Op 00462)





People v Johnson


2019 NY Slip Op 00462


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-04659
 (Ind. No. 99/16)

[*1]The People of the State of New York, respondent,
v
Jermaine Johnson, appellant.


Kelley M. Enderley, Poughkeepise, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward McLoughlin, J.), rendered March 10, 2017, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with murder in the second degree and criminal possession of a weapon in the second degree based on allegations that he shot and killed another person. The defendant pleaded guilty to manslaughter in the first degree and criminal possession of a weapon in the second degree. In connection with the plea of guilty, the defendant waived the right to appeal.
Contrary to the defendant's contention, the record demonstrates that his waiver of his right to appeal was knowingly, voluntarily, and intelligently made (see People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 256-257).
The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Magnotta, 137 AD3d 1303, 1303; People v Fontanet, 126 AD3d 723). However, the defendant failed to preserve this contention for appellate review, as he did not move to withdraw or vacate the plea (see People v Lopez, 71 NY2d 662, 665; People v Narbonne, 131 AD3d 626, 627). In any event, the record shows that the plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543; People v Scivolette, 156 AD3d 730; People v Jackson, 111 AD3d 960, 961).
The defendant claims that he was denied the effective assistance of counsel. Inasmuch as this claim involves counsel's alleged deficiencies that purportedly affected the voluntariness of the defendant's plea, the defendant did not forfeit the right to raise this argument on appeal (see People v Castillo, 161 AD3d 1099; People v Jessamy, 137 AD3d 1056, 1056-1057). The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see [*2]People v Evans, 16 NY3d 571, 575). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Jessamy, 137 AD3d at 1057; see also People v Rivera, 71 NY2d 705, 708-709; People v Moore, 66 AD3d 707, 711-712, affd 15 NY3d 811). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Marryshow, 135 AD3d 964, 965; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court