People v Jackson (2019 NY Slip Op 02116)





People v Jackson


2019 NY Slip Op 02116


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-10084
 (Ind. No. 435/16)

[*1]The People of the State of New York, respondent,
v
Bobby Jackson, appellant.


Clinton W. Calhoun III, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered September 5, 2017, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although the People correctly contend that the defendant's waiver of his right to appeal is valid (see People v Smith, 112 AD3d 759, 759), the defendant's contention that the County Court should have granted his motion to withdraw his plea because it was not entered knowingly, voluntarily, and intelligently survives such a valid waiver (see People v Manragh, 150 AD3d 762, affd 32 NY3d 1101; People v Towns, 135 AD3d 974). Nonetheless, we agree with the court's determination denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Boria, 157 AD3d 811). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Rodriguez, 142 AD3d 1189, 1190 [internal quotation marks omitted]). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (see People v Tinsley, 35 NY2d 926; People v Rodriguez, 154 AD3d 968, 969).
Here, the record establishes that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Boria, 157 AD3d at 812; People v Smith, 148 AD3d 939). The defendant's contention that he was coerced into pleading guilty is premised on unsubstantiated and conclusory allegations and belied by his statements under oath at the plea proceeding. Thus, the statements were insufficient to warrant vacatur of his plea or a hearing on the issue (see People v Ward, 140 AD3d 903). Moreover, the mere fact that defense counsel may have advised the defendant as to the risks of trial, including the possibility of consecutive sentences upon [*2]conviction, is insufficient to establish coercion (see People v Gomez, 137 AD3d 1161; People v Holcombe, 116 AD3d 1063).
The defendant's valid waiver of his right to appeal precludes appellate review of any contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Dancy, 156 AD3d 717; People v Upson, 134 AD3d 1058). The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court