People v Hollander (2019 NY Slip Op 07950)





People v Hollander


2019 NY Slip Op 07950


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10796
 (Ind. No. 2639/14)

[*1]The People of the State of New York, respondent,
v
Alexander Hollander, appellant.


Aidala, Bertuna & Kamins, P.C., New York, NY (John S. Esposito and Barry Kamins of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Alyson J. Gill and Priscilla Steward of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered August 15, 2017, convicting him of unauthorized practice of a profession (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was charged with unauthorized practice of a profession, in violation of Education Law § 6512(1). The defendant, who was not licensed to practice dentistry, claimed that he was merely acting as a clinical director of a dental office, which would not be illegal. However, evidence was admitted at the trial that the defendant, on one occasion, was inside the dental office stating that he was a dentist and, on another occasion, appeared to examine a patient and to prescribe a course of dental treatment. The jury convicted the defendant of two counts of the unauthorized practice of a profession.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that Education Law § 6512(1) is unconstitutionally vague as applied to him is unpreserved for appellate review (see CPL 470.05[2]; People v Scivolette, 156 AD3d 730, 731) and, in any event, without merit (see People v Eun Sil Jang, 17 AD3d 693, 693-694).
However, the judgment of conviction must be reversed and a new trial ordered on the ground that certain evidence was improperly admitted, over objection, pursuant to People v Molineux (168 NY 264), and the prosecutor's comments in summation and the Supreme Court's instructions [*2]to the jury may have exacerbated the prejudice.
Evidence that the defendant voluntarily surrendered his license to practice dentistry in 2000 was properly admitted to show that the defendant was unlicensed and was aware that he was unlicensed. However, the evidence submitted to the jury, which consisted of the defendant's "application to surrender license," stated not only that he was voluntarily surrendering his license, but also that he was doing so because he was "under investigation for allegations that [he] practiced the profession of dentistry fraudulently, within the purview and meaning of New York Education Law section 6509(2), and committed unprofessional conduct by engaging in conduct in the practice of the profession of dentistry evidencing moral unfitness to practice." During summation, the prosecutor argued that the defendant had surrendered his license because he "had practiced the profession of dentistry fraudulently." Thereafter, during the Supreme Court's instructions to the jury, the court instructed the jurors that "there was evidence in the case that on another occasion, the defendant engaged in criminal conduct and was convicted of a crime," which was "offered as evidence for [the jurors'] consideration on the questions of whether those facts are inextricably interwoven with the crimes charged, if [they] find the evidence believable, [they] may consider it for that limited purpose and for none other."
The references to fraud and moral turpitude were not relevant to the issue of whether the defendant was unlicensed and was aware that he was unlicensed. Under the circumstances, any probative value of the evidence of the prior fraud was outweighed by its prejudicial effect (see People v Leonard, 29 NY3d 1, 6; People v Watson, 163 AD3d 855). Although the basis of the fraud, the defendant's fraudulent billing practices which defrauded the Medicaid program, was not discussed, the prosecutor's comment in summation that the defendant "had practiced the profession of dentistry fraudulently" made the prior crime sound similar to the charges before the jury—i.e., that in 2000, the defendant was practicing dentistry, and his practice of dentistry was a fraud. The Supreme Court's instructions to the jury noted the fact that the defendant had also been convicted of a crime. The limiting instruction that the prior crime in 2000 could be considered if it were "inextricably interwoven with the crimes charged" indicated that the prior crime may have been part of a common scheme or plan with the crimes charged in the indictment, which was not the case. Although no objection was raised to that instruction, the instruction also prejudiced the defendant.
Under the circumstances of this case, where there was an issue as to whether the defendant was merely acting as a clinical director rather than practicing dentistry, the error cannot be deemed harmless (see People v Crimmins, 36 NY2d 230, 242).
Accordingly, the judgment of conviction must be reversed and a new trial ordered.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court