People v Allen (2019 NY Slip Op 08684)





People v Allen


2019 NY Slip Op 08684


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-06879
 (Ind. No. 828/17)

[*1]The People of the State of New York, respondent,
v
Antwon D. Allen, appellant.


Andrew E. MacAskill, Westbury, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered May 17, 2018, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Smith, 148 AD3d 939, 939-940; People v Street, 144 AD3d 711, 711-712; People v Rodriguez, 142 AD3d 1189, 1190). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Smith, 54 AD3d 879, 880; see People v Rodriguez, 142 AD3d at 1190; People v Zakrzewski, 7 AD3d 881, 881). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (see People v Tinsley, 35 NY2d 926; People v Street, 144 AD3d at 712). Here, the record reflects that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 546; People v John, 107 AD3d 824, 825). The defendant's post-plea assertions that he was innocent contradicted the admissions made under oath at his plea allocution, and were insufficient to warrant vacatur of his plea, a hearing, or further inquiry by the court (see People v Tinsley, 35 NY2d at 927; People v Street, 144 AD3d at 712; People v Rodriguez, 142 AD3d at 1190; People v Upson, 134 AD3d 1058, 1058).
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court