People v Lopez-Hilario (2019 NY Slip Op 09293)





People v Lopez-Hilario


2019 NY Slip Op 09293


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-07238

[*1]The People of the State of New York, respondent,
v
Angel Lopez-Hilario, appellant. (S.C.I. No. 16-00535)


Jerry F. Kebrdle II, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan M. Cacace, J.), rendered April 25, 2017, convicting him of aggravated sexual abuse in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Hendrix, 172 AD3d 1224, 1224; People v King, 169 AD3d 1060, 1061; People v Coachman, 154 AD3d 957, 957). In any event, this contention is without merit. The court did not improperly delegate its authority to conduct the plea allocution to the prosecutor (see People v Singh, 158 AD3d 824, 825; People v Thompson, 143 AD3d 1007, 1008; People v Johnson, 140 AD3d 1188, 1189; People v Linares, 116 AD3d 792, 792; cf. People v Sanders, 25 NY3d 337, 339 n 1). Additionally, the defendant's monosyllabic, one-word responses did not render the plea invalid (see People v Najera, 170 AD3d 753, 755; People v Sampson, 149 AD3d 1486, 1487; People v Lewis, 114 AD3d 1310, 1311). Further, the defendant's postplea assertions of innocence contradicted the admissions made under oath at his plea allocution and were insufficient to warrant a hearing or further inquiry by the court (see People v Stephensbush, 172 AD3d 1108, 1109; People v Rodriguez, 154 AD3d 968, 969; People v Smith, 148 AD3d 939, 940).
The defendant's remaining contention is without merit.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court