The People of the State of New York, Respondent,
against
Fedie R. Redd, Appellant. 




Fedie R. Redd, appellant pro se.
Freeport Village Attorney's Office (Jennifer Ungar and Robert McLaughlin of counsel), for respondent.

Appeal from a judgment of conviction of the Justice Court of the Village of Freeport, Nassau County (V. Roy Cacciatore, J.), rendered March 21, 2019. The judgment convicted defendant, after a nonjury trial, of making, continuing, causing, or permitting to be made, an unreasonable noise, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
In June 2018, defendant was charged with making, continuing, causing, or permitting to be made, an unreasonable noise in violation of Freeport Village Code § 155-19, which states, in part, that "No person shall make, continue or cause or permit to be made, verbally or mechanically, any unreasonable noise. An 'unreasonable noise' shall mean any excessive or unusually loud sound or any sound which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of a reasonable person of normal sensitivities." The ordinance lists factors "to be considered in determining whether unreasonable noise exists in a particular situation," which include, but are not limited to, the volume of the noise, the intensity of the noise, whether the origin of the noise is natural or unnatural, the proximity of the noise to residential sleeping facilities, the nature and the [*2]zoning district of the area from within which the noise emanates, the time of day or night the noise occurs, the time duration of the noise, whether the sound source is temporary, and whether the noise is continuous or impulsive.
At a nonjury trial, two police officers testified that they had responded to defendant's residence based on a noise complaint and that they had both heard a high pitched beeping noise emanating from defendant's residence. Recordings from the body cameras the officers were wearing at that time were admitted into evidence. A high- pitched beeping noise can be heard numerous times on the recordings while the officers were on, or near, defendant's property and while one of the officers was walking past defendant's neighbor's property on his way to the police car, which was parked on an adjacent street. One of the officers also testified that he could hear the noise while he was seated inside of the police car. Defendant informed the officers that the noise was from a bird-deterring device. One of the officers asked defendant to turn off the device, or to adjust the frequency of the device, but defendant did not comply. Defendant was then issued a ticket for violating Freeport Village Code § 155-19. 
Defendant's neighbor testified that he had heard a high-pitched sound coming from defendant's residence over a prolonged period of time, that the sound greatly bothered his ears, and that he had ultimately made a noise complaint to the police. The neighbor described it as "a very high-pitched whining noise over and over." Defendant was subsequently convicted of the charge, and was sentenced to a $350 fine and a six-month conditional discharge during which time she could not have a "noise making device of the type and kind which was the subject of this trial" at her residence.
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for appellate review since she did not move for a trial order of dismissal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, as there is no preservation requirement associated with defendant's contention that the verdict was against the weight of the evidence, we must determine, as part of that review, whether all of the elements of the offense charged were proven beyond a reasonable doubt in this bench trial (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). Here, we find that a different verdict would have been unreasonable (see People v Zephyrin, 52 AD3d 543[2008]) since the recordings from the officers' body cameras established that a high-pitched noise emanated from defendant's residence which could be heard while one of the officers was walking past defendant's neighbor's house, as well as while one of the officers was seated inside of the police car which was parked on a street adjacent to defendant's residence. Consequently, we find that the verdict convicting defendant of violating Freeport Village Code § 155-19 was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Defendant further contends that her First, Sixth and Fourteenth amendment rights were violated, and that Freeport Village Code § 155-19 is unconstitutionally vague. These contentions, however, are unpreserved for appellate review since defendant did not raise them in the Justice Court [*3](see CPL 470.05 [2]; People v Melendez, 8 NY3d 886 [2007]), and we decline to consider them in the interest of justice (see CPL 470.15 [6] [a]; People v Boyd, 175 AD3d 630, 631 [2019]; People v Degracia, 173 AD3d 1199, 1200 [2019]; People v Scivolette, 156 AD3d 730, 731 [2017]; People v Stephens, 128 AD3d 1497, 1499 [2015], affd 28 NY3d 307 [2016]). Defendant also contends that she was denied a fair trial due to the rulings and actions of the Justice Court. This contention is, likewise, unpreserved for appellate review since her specific arguments are raised for the first time on appeal, and we will not consider this contention in the interest of justice (see CPL470.15 [6] [a]; People v Lane, 7 NY3d 888, 889 [2006]; People v James, 173 AD3d 1207, 1208 [2019]).
Furthermore, defendant contends that the $350 fine and so much of the sentence as barred her from using the bird-deterring device are unauthorized, overbroad, and excessive, and constitute cruel and unusual punishment. Pursuant to Freeport Village Code § 155-39, "Penalties for offenses," defendant was convicted of a violation and was subject to be sentenced, among other things, to a maximum fine of $750 for a first offense. A review of the record indicates that the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). We note that, contrary to defendant's contention, the Justice Court did not permanently bar defendant from using the bird- deterring device. 
Defendant's remaining contentions lack merit or are unpreserved for appellate review.
Accordingly, the judgment of conviction is affirmed. 
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2020