People v Hannans

2026 NY Slip Op 02998

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Carl L. Hannans III, also known as Gwala, also known as Gwala Glo, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-00385, (Ind. No. 22/21)

Cheryl E. Chambers, J.P.

Valerie Brathwaite Nelson

Carl J. Landicino

Laurence L. Love, JJ.

Kelley M. Enderley, Poughkeepsie, NY, for appellant.

Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J), rendered December 17, 2021, convicting him of attempted murder in the second degree, assault in the first degree, attempted robbery in the first degree (four counts), and criminal possession of a weapon in the second degree (three counts), upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. "A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion" (People v Boria, 157 AD3d 811, 811; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Street, 144 AD3d 711, 711-712; People v Jemmott, 125 AD3d 1005, 1006). "'Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Boria, 157 AD3d at 811, quoting People v Smith, 54 AD3d 879, 880; see People v Tomlinson, 178 AD3d 967, 967). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Hollman, 197 AD3d 484, 484).

Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Hollman, 197 AD3d at 484-485; People v Duart, 144 AD3d 1173, 1175). The defendant's assertions in support of his motion to withdraw his plea of guilty were unsubstantiated and contradicted by the record of the plea proceeding (see People v Johnson, 170 AD3d 1195, 1196; People v Elting, 18 AD3d 770, 771; People v Jones, 232 AD2d 505, 505-506).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court