■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL HART, Appellant. [613 NYS2d 762] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 5, 1993, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

When defendant was arraigned on an indictment which charged burglary in the third degree and criminal mischief in the fourth degree, defense counsel informed County Court that an offer of six months in jail and five years' probation "was on the table", but any plea should be adjourned to permit defense counsel to investigate any defenses which defendant may have. Defendant and his counsel again appeared in court a week later for the guilty plea allocution. After defendant was informed of the effect of such plea and the rights that he was waiving thereby, a guilty plea was accepted and entered. Thereafter, defense counsel moved to have defendant evaluated as to his fitness to proceed pursuant to CPL article 730, and after defendant was evaluated the Assistant District Attorney informed County Court that defendant had been found unfit to proceed by two psychiatrists. Accordingly, the court ordered defendant committed to the Office of Mental Retardation & Developmental Disabilities (hereinafter OMRDD) for treatment and reevaluation.

Less than three months later, OMRDD found defendant competent to proceed and returned him to answer the charges. Significantly, defendant was not found to be incapacitated. Rather, the letter of OMRDD dated July 29, 1993 reveals that defendant was not incompetent or mentally retarded, but suffered from a severe bilateral hearing loss and substantial developmental disabilities. Defendant tested an I.Q. level of 85, which is sufficient for a defendant to understand criminal proceedings (see, People v Miranda, 125 AD2d 418, 419, lv denied 69 NY2d 748). The OMRDD report further indicated that defendant understood the judicial process, knew his counsel's name and his legal situation, and that he understood the charges against him, the plea bargain process and the penalties involved.

At the time of the plea, County Court had no indication that defendant was incapacitated. The report of OMRDD indicates that defendant was competent to enter a voluntary plea, which he had done, and to understand the proceedings. Defendant offered nothing further to show that he was incapacitated or that his plea was not knowing and voluntary.

Accordingly, County Court was correct in refusing to vacate the plea and in sentencing defendant to the promised term. We note that in the circumstances the plea was advantageous to defendant, and the judgment of conviction should be affirmed.

Cardona, P. J., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.