■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BERMUDEZ, Appellant. [643 NYS2d 564]

The record of the plea proceeding demonstrates that, rather than face trial and a possible sentence of 25 years to life imprisonment, defendant chose to plead guilty to avail himself of a substantially lower sentence and that the plea was knowingly and voluntarily entered. Although, during the plea colloquy, defendant momentarily denied possessing the requisite intent, he admitted to shooting one victim and attempting to rob another, and, after consultation with his attorney, he admitted his intent as well. In light of these admissions, there was no need for the court to conduct a further inquiry on his motion to withdraw the plea (*see, People v Rivera*, 191 AD2d 209, *appeal withdrawn* 81 NY2d 975). Defendant's bald assertions of innocence and self-defense are unsupported by the record. Defendant's claim of mental impairment during the plea proceedings caused by anti-depressant medication is also unsupported. The record shows that defendant was lucid, rational and unequivocal in assuring the court on numerous occasions during the plea colloquy that he fully comprehended the meaning of the plea proceeding (*see, People v Seger*, 171 AD2d 892, *lv dismissed* 78 NY2d 1081).

Inasmuch as defendant's convictions for manslaughter and attempted robbery arose from separate acts (Penal Law § 70.25 [2]; *People v Brathwaite*, 63 NY2d 839, 843; *People v Day*, 73 NY2d 208) and involved different victims, the court's imposition of consecutive prison terms was proper. We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.