■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS GUZMAN, Appellant. [678 NYS2d 715] —Judgment, Supreme Court, New York County (Michael Gross, J.), rendered April 7, 1997, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second felony offender, to a determinate prison term of 9 years, unanimously affirmed.

The record, viewed in its entirety, establishes that defendant's plea was knowing, intelligent and voluntary (*see People v Fiumefreddo*, 82 NY2d 536, 543) and not influenced by defendant's medication (*see, People v Bermudez*, 228 AD2d 237, *lv denied* 89 NY2d 919). Defendant received effective assistance of counsel (*see, People v Ford*, 86 NY2d 397, 404), and defendant's meritless attacks on his counsel's performance, made before and after the plea, were insufficient to create an actual conflict of interest (*see, People v Rodriguez*, 251 AD2d 259). There was no need to appoint new counsel where the court denied defendant's motion to withdraw his plea without relying upon counsel's statements controverting defendant's claims of misconduct (*see, People v Rodriguez*, 189 AD2d 684, *lv denied* 81 NY2d 892). Concur—Sullivan, J. P., Milonas, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BERDECIA, Also Known as TEDDY VILLAFANE, Appellant. [678 NYS2d 716] —Judgment, Supreme Court, Bronx County (William Donnino, J., at hearing; Daniel Sullivan, J., at plea and sentence), rendered May 30, 1995, convicting defendant of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The record establishes that defendant knowingly, intelligently and voluntarily pleaded guilty and waived his right to appeal as a condition of his plea (*see, People v Callahan*, 80 NY2d 273; *People v Seaberg*, 74 NY2d 1), and thus has waived appellate review of his current claims regarding the propriety of the suppression rulings. Since defendant does not claim that an illegal sentence was imposed, his challenges to his sentence are likewise waived.

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion, we find that defendant received meaningful representation (*People v Ford*, 86 NY2d 397, 404). Concur—Sullivan, J. P., Milonas, Nardelli and Tom, JJ.