■ The People of the State of New York, Respondent, v Shron R. Young, Appellant. [684 NYS2d 23] —Mercure, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 11, 1997, upon defendant's plea of guilty of the crime of murder in the second degree.

In July 1996, defendant and three codefendants kidnapped an individual at gunpoint and drove him to a deserted parking lot, where he was beaten to the point of unconsciousness and then shot to death by one of the codefendants. Indicted for the crimes of murder in the second degree (two counts) and kidnapping in the first degree, defendant was permitted to plead guilty to the crime of felony murder in full satisfaction of the indictment under the terms of a plea bargain providing for a sentence of 15 years to life if defendant cooperated in testifying against his codefendants, but otherwise to a sentence of 20 years to life. Defendant subsequently refused to testify against a codefendant and then moved to withdraw his guilty plea. County Court denied the motion and sentenced defendant to a prison term of 20 years to life.

Defendant appeals, contending that his guilty plea was the product of duress or confusion at least partially caused by his low intelligence and that County Court abused its discretion in denying his withdrawal motion. We disagree. Notably, the record provides no support for the contentions that defendant was coerced into pleading guilty or that he was mentally incompetent to enter a guilty plea. To the contrary, during the extensive plea colloquy, defendant capably responded to the questions put to him, giving no indication of mental impairment or duress such as would have alerted County Court to the need for a competency hearing or any further inquiry (see, People v Merck, 213 AD2d 905, lv denied 86 NY2d 783; People v Hart, 205 AD2d 943). Defendant also stated on the record that he had conferred with his attorney regarding the ramifications of his plea, that he was entering his guilty plea freely and voluntarily, and that he was aware that the terms of his plea bargain were conditioned upon his testifying against his codefendants, if called upon to do so.

Defendant's remaining contention concerning the sentence imposed by County Court has been considered and found to be unavailing (*see, People v Figgins*, 87 NY2d 840, 841; *People v Johnson*, 238 AD2d 641, *lv denied* 90 NY2d 859).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.