■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN RODRIGUEZ, Appellant. [754 NYS2d 874] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered July 10, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of six years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, including further proceedings on defendant's persistent violent felony offender status, and otherwise affirmed.

After a suitable inquiry, the court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). Defendant's claim that the voluntariness of his plea was impaired by his physical and mental condition is unsupported by the record, which shows that despite the fact that he was on medication, he was rational, coherent and unequivocal in assuring the court that he fully comprehended the meaning of his plea and that he was pleading guilty of his own free will (*see People v Bermudez*, 228 AD2d 237 [1996], *lv denied* 89 NY2d 919 [1996]). The court properly relied on the plea allocution and its own clear recollection of defendant's demeanor and responses (*see People v Wheeler*, 289 AD2d 10 [2001], *lv denied* 97 NY2d 763 [2002]).

As the People concede, defendant was improperly adjudicated a persistent violent felony offender because the adjudication was based on predicate convictions that did not meet the sequentiality requirement of Penal Law § 70.08 (*see People v Morse*, 62 NY2d 205 [1984]). However, under the circumstances, the People are entitled to an opportunity to establish, on the basis of a 1978 conviction, that defendant is nonetheless a persistent violent felony offender (*see People v Sailor*, 65 NY2d 224 [1985], *cert denied* 474 US 982 [1985]). Contrary to the People's argument, we conclude that the present record is

insufficient to establish whether the 10-year period was tolled sufficiently to qualify the 1978 conviction as a predicate violent felony. Concur—Tom, J.P., Andrias, Buckley, Williams and Friedman, JJ.