■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BEALS, Appellant. [768 NYS2d 610]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 25, 2002, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court was not obligated, sua sponte, to order a psychiatric examination of defendant since there was no reasonable ground to believe that he was unable to understand the proceedings or to assist in his defense (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). When defendant moved to withdraw his plea and raised, among other things, his mental condition, the court conducted an extensive inquiry of defendant (*see People v Bangert*, 22 NY2d 799 [1968]) to determine whether his purported mental impairment affected the voluntariness of his plea. The record supports the court's denial of the motion since, during the plea colloquy, defendant,

who had pleaded guilty on several prior occasions, was rational and coherent, and unequivocally assured the court that he fully comprehended the meaning of his plea and that he was pleading guilty of his own free will. Although, in his plea withdrawal motion, defendant maintained that he had not taken his psychiatric medication the night before he pleaded guilty, the court's firsthand assessment of defendant's lucidity at the time of the plea established the plea's voluntariness (*see People v Alexander*, 97 NY2d 482 [2002]; *People v Rodriguez*, 302 AD2d 317 [2003], *lv denied* 99 NY2d 657 [2003]).

In denying the plea withdrawal motion, the court accorded defendant a full opportunity to be heard and properly rejected his conclusory and unfounded claim that his attorney coerced him into pleading guilty. There was no conflict of interest requiring assignment of new counsel because defendant's attorney did not make any statements that were materially adverse to his client's position (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]; *People v Benitez*, 290 AD2d 363 [2002], *lv denied* 98 NY2d 673 [2002]).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.