■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPIRIDON ANTHOULIS, Appellant. [910 NYS2d 370]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered June 25, 2008, convicting him of grand larceny in the third degree and failure to pay wages in violation of Labor Law § 198-a (1), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion to withdraw his plea of guilty (*see People v DeLeon*, 40 AD3d 1008, 1008-1009 [2007]). The defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea agreement with the assistance of competent counsel, and the defendant indicated that he was satisfied with counsel's representation (*see People v Wiedmer*, 71 AD3d 1067 [2010]). In addition, there was no evidence to support the defendant's belated claim of innocence or to indicate that he was induced to plead guilty as a result of fraud or mistake (*see People v Smith*, 54 AD3d 879 [2008]; *People v Zakrzewski*, 7 AD3d 881 [2004]; *People v Davis*, 250 AD2d 939, 940 [1998]).

The defendant's contention that he was deprived of the effec-

tive assistance of counsel rests mainly on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Bessaha*, 54 AD3d 381, 382 [2008]; *People v Monroe*, 52 AD3d 623 [2008]). To the extent this contention is reviewable on the record before us, we find that defense counsel provided meaningful representation with respect to the defendant's plea of guilty (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Review of the other claims raised by the defendant on appeal have been forfeited as a result of his plea of guilty (*see People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Gerber*, 182 AD2d 252, 260 [1992]). Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.