THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD BROOKS, Appellant. [931 NYS2d 908]—

The Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see* CPL 220.60 [3]). The record establishes that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made. While the presentence report indicated that the defendant had been diagnosed with attention deficit hyperactivity disorder and bipolar disorder, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of his plea (*see People v M'Lady*, 59 AD3d 568 [2009]). In denying the defendant's motion, the Supreme Court properly relied on the plea allocution and its own clear recollection of the defendant's demeanor and responses (*see People v Rodriguez*, 302 AD2d 317 [2003]). During the plea colloquy, the defendant capably responded to the questions put to him, and gave no indication of mental impairment which would have alerted the Supreme Court to the need for a competency hearing or any further inquiry (*see People v Young*, 257 AD2d 764, 764 [1999]). The record of the plea proceeding reveals that the defendant was rational, coherent, and unequivocal in assuring the Supreme Court that he fully understood the meaning of his plea, and that he was pleading

guilty of his own free will (*see People v Rodriguez*, 302 AD2d at 317). Furthermore, the defendant's claim that he was coerced into pleading guilty by his prior counsel is unsupported by the record (*see People v Douglas*, 83 AD3d 1092, 1093 [2011]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.