Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 22, 2009, convicting him of rape in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]), the defendant’s contentions that he is innocent and that his plea was not voluntary because it was coerced are unpreserved for appellate review since he did not move to vacate his plea or otherwise raise these issues before the Supreme Court (see People v Lewandowski, 82 AD3d 1602, 1602 [2011]; People v Mitchell, 69 AD3d 883, 883 [2010]; see also People v Clarke, 93 NY2d 904, 906 [1999]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Bolton, 63 AD3d 1087 [2009]; People v Antoine, 59 AD3d 560 [2009]). “In any event, a plea of guilty will be upheld as valid if it was entered knowingly, voluntarily, and intelligently” (People v Tuffini, 101 AD3d 1053, 1053 [2012]; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d at 666; People v Harris, 61 NY2d 9, 17 [1983]). Here, the record demonstrates that the defendant’s plea of guilty was knowingly, voluntarily, and intelligently entered.
“A criminal defendant’s right to a speedy trial is guaranteed both by the Sixth Amendment to the United States Constitution (US Const 6th, 14th Amends) and by statute (CEL 30.20; Civil Rights Law § 12)” (People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]). “Violation of this right results in dismissal of an indictment” (id. at 55; see Strunk v United States, 412 US 434, 439-440 [1973]; People v Taranovich, 37 NY2d 442, 444 [1975]). By pleading guilty, the defendant forfeited appellate review of his claim that his statutory right to a speedy trial pursuant to CPL 30.30 was violated (see People v O’Brien, 56 NY2d 1009, 1010 [1982]; People v Howe, 56 NY2d 622, 624 [1982]; People v Gerber, 182 AD2d 252, 260 [1992]). *791 However, the defendant’s constitutional speedy trial claim survives both the entry of his plea of guilty and the valid waiver of his right to appeal (see People v Hansen, 95 NY2d 227, 230-231 [2000]). Upon balancing all the factors to be considered in connection with the defendant’s constitutional speedy trial claim (see People v Taranovich, 37 NY2d at 445), we find that the defendant’s right to a speedy trial was not violated.
By waiving his right to appeal, the defendant gave up the right to challenge the adequacy of defense counsel’s representation, except insofar as counsel’s alleged ineffectiveness affected the voluntariness of the defendant’s plea (see People v Williams, 84 AD3d 1417, 1418 [2011]). The defendant’s contention that he was deprived of the effective assistance of counsel insofar as counsel’s alleged ineffectiveness affected the voluntariness of the defendant’s plea is based on matter dehors the record and, therefore, cannot be reviewed on direct appeal (see People v Cohen, 100 AD3d 919 [2012]; People v Cancel, 92 AD3d 891, 891 [2012]; People v Bivens, 88 AD3d 808, 809 [2011]; People v Romero, 82 AD3d 1013, 1013 [2011]; People v Burgess, 81 AD3d 969, 970 [2011]; People v Anthoulis, 78 AD3d 854, 854-855 [2010]).
The defendant’s remaining contentions were either forfeited by the entry of his plea or waived by the defendant’s valid waiver of his right to appeal, or are based on matter dehors the record (see People v Mullen, 77 AD3d 686, 687 [2010]). Dillon, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.