■ The People of the State of New York, Respondent, v Damon C. Banner, Appellant. [994 NYS2d 424]—

Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Kase, J.), rendered August 8, 2012, convicting him of attempted murder in the second degree under indictment No. 2065/11, and (2) a judgment of the same court rendered September 28, 2012, convicting him of arson in the third degree under indictment No. 289/12, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his plea of guilty to attempted murder in the second degree was involuntary because the Supreme Court never elicited an admission as to his intent. The defendant further contends that this plea, and his plea of guilty to arson in the third degree, were involuntary because a question was raised as to his mental condition during the plea colloquy. However, contrary to the defendant's contention, his challenges to the voluntariness of the pleas are not preserved for appellate review since he never made a motion to withdraw his pleas prior to sentencing. Although the defendant made a motion to vacate the judgments pursuant to CPL article 440, the issues raised in that motion are not properly before us on these direct appeals from the judgments of conviction (*see People v Finn*, 63 AD3d 755 [2009]; *People v DaCosta*, 217 AD2d 661,

662 [1995]). Moreover, contrary to the defendant's contention, the exception to the preservation rule does not apply here because the defendant's allocutions did not cast significant doubt upon his guilt, negate an essential element of the crimes, or call into question the voluntariness of the pleas (*see People v Lopez*, 71 NY2d 662, 666 [1988]). In any event, the plea allocution to the charge of attempted murder in the second degree was sufficient since "the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (*People v Goldstein*, 12 NY3d 295, 301 [2009]). The defendant's contention that the voluntariness of his pleas was impaired by his mental condition is unsupported by the record (*see People v Rodriguez*, 302 AD2d 317 [2003]). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.