■ The People of the State of New York, Respondent, v Christopher Briggs, Appellant. [999 NYS2d 480]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered January 29, 2013, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the third degree (two counts), and endangering the welfare of a child (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant claims that his statutory right to a speedy trial pursuant to CPL 30.30 was violated, he forfeited appellate review of this claim by pleading guilty (*see People v O'Brien*, 56 NY2d 1009, 1010 [1982]; *People v Howe*, 56 NY2d 622, 624 [1982]; *People v Franco*, 104 AD3d 790 [2013]; *People v Sze*, 113 AD3d 795, 796 [2014]).

By contrast, an alleged violation of the constitutional right to a speedy trial is not forfeited by a plea of guilty (*see People v Blakley*, 34 NY2d 311, 314 [1974]; *see also People v Hanley*, 20 NY3d 601, 605 n 2 [2013]). The defendant's valid waiver of his right to appeal does not foreclose appellate review of his constitutional speedy trial claim (*see People v Romeo*, 47 AD3d 954, 957 [2008], *affd* 12 NY3d 51 [2009]). "[A] bargained-for waiver of the right to appeal is ineffective to the extent it impairs the defendant's ability to obtain appellate review of a constitutional speedy trial claim" (*People v Alexander*, 19 NY3d 203, 218 [2012]; *see People v Callahan*, 80 NY2d 273, 282 [1992];

*People v Blakley*, 34 NY2d at 314). Moreover, contrary to the People's contention, the defendant's constitutional speedy trial claim was properly preserved for appellate review (*see People v Watts*, 78 AD2d 1008, 1009 [1980]; *cf. People v Cedeno*, 52 NY2d 847, 848 [1981]; *People v Lieberman*, 47 NY2d 931, 932 [1979]). However, the Supreme Court properly denied the defendant's motion seeking to dismiss the indictment on this ground. His constitutional right to a speedy trial was not violated by the lapse of approximately 24 months between his arrest and the commencement of trial, despite the fact that he was incarcerated for this entire period, because much of the delay was directly attributable to the defendant, and not the result of dilatory tactics by the People. Moreover, the defendant has not demonstrated that the lapse of time resulted in any prejudice to him (*see People v Woodard*, 234 AD2d 613, 614 [1996]; *People v Murphy*, 212 AD2d 811 [1995]; *People v Thorpe*, 183 AD2d 795, 796 [1992]).

As to the specific allegations of due process violations caused by the practices of the criminal courts in the County of Nassau, which were raised for the first time on this appeal, even if this Court were inclined to reach them in the exercise of its interest of justice jurisdiction, " 'review of [these] constitutional issue[s] is precluded by the lack of an adequate record[,] which it was defendant's burden to provide' " (*People v Card*, 107 AD3d 820 [2013], quoting *People v Smith*, 48 AD3d 1095, 1096 [2008]; *see People v Olivo*, 52 NY2d 309, 320 [1981]; *People v James*, 188 AD2d 296 [1992]). Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.