■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMAS, Appellant. [17 NYS3d 121]—

Judgment, Supreme Court, New York County (Larry Stephen, J., at plea; Ronald A. Zweibel, J., at sentencing), rendered September 21, 2011, convicting defendant of attempted rape in the first degree and attempted intimidating a victim or witness in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's plea withdrawal motion. When defendant asserted that he had not been taking his psychiatric medication at the time of his plea, the sentencing court gave him a sufficient opportunity to advance his claim that his purported mental impairment affected the voluntariness of his plea. During the plea allocution, defendant, who had pleaded guilty on prior occasions, was rational and coherent, and assured the court that he understood the meaning of his plea and was pleading guilty of his own free will. The record establishes that the plea was voluntary and not the product of defendant's claimed lack of

medication (*see People v Massa*, 12 AD3d 177 [1st Dept 2004], *lv denied* 4 NY3d 746 [2004]; *People v Beals*, 2 AD3d 329, 329-330 [1st Dept 2003], *lv denied* 2 NY3d 761 [2004]). The plea minutes indicate that defendant was reluctant to plead guilty, but that the court accorded him a sufficient opportunity to confer with counsel and consider whether to go forward with the plea. Further, these minutes do not contain anything to suggest that defendant was mentally ill or unable to understand the proceeding. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.