■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GRAFTON, Appellant. [60 NYS3d 436]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 9, 2016, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"A criminal defendant's right to a speedy trial is guaranteed both by the Sixth Amendment to the United States Constitution (US Const 6th, 14th Amends) and by statute (CPL 30.20; Civil Rights Law § 12)" (*People v Romeo*, 12 NY3d 51, 55 [2009]). "Violation of this right results in dismissal of an indictment" (*id.* at 55; *see Strunk v United States*, 412 US 434, 439-440 [1973]; *People v Taranovich*, 37 NY2d 442, 444 [1975]). Here, by pleading guilty, the defendant forfeited appellate review of his claims that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30 (*see People v Zeigler*, 128 AD3d 737, 738 [2015]; *People v Franco*, 104 AD3d 790, 790 [2013]; *People v Kidd*, 100 AD3d 779, 779 [2012]) and pursuant to the Interstate Agreement on Detainers (CPL 580.20, art III [a]; *see People v Gooden*, 151 AD2d 773, 774 [1989]; *People v Cusick*, 111 AD2d 251, 251 [1985]). Moreover, to the extent the defendant claims that his constitutional right to a speedy trial was violated, the contention is without merit (*see People v Franco*, 104 AD3d at 791).

The defendant's contention that his application for a writ of habeas corpus was improperly denied is not properly before us on this appeal (*see People v Lynch*, 121 AD3d 717, 719 [2014]).

The defendant's remaining contention was forfeited by the entry of his plea. Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.