The People of the State of New York, Respondent,
against
David Carmichael, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Frances Y. Wang, J.), May 18, 2017, convicting him, upon a plea of guilty, of petit larceny, and imposing sentence.




Per Curiam.
Judgment of conviction (Frances Y. Wang, J.), rendered May 18, 2017, affirmed.
Our review of the record indicates that defendant's guilty plea was entered knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Contrary to defendant's present claim, his utterances, viewed in their entirety, did not engender significant doubt regarding the voluntariness of the plea (see People v Toxey, 86 NY2d 725, 726 [1995]) or provide support for his assertion that the plea was the product of "confusion" (People v Johnson, 23 NY3d 973, 976 [2014]; see People v Dermer, 140 AD3d 551, 552 [2016], lv denied 28 NY3d 1144 [2017]). Nor is there anything in the record to suggest that defendant's ability to make a voluntary decision to plead guilty was impaired in any way by his use (or anticipated use) of the "cycle medicines" he vaguely referenced during the allocution (see People v Rodriguez, 83 AD3d 449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d 881 [2007). Rather, defendant was rational and coherent throughout the plea proceedings, capably responded to the questions put to him, and gave no indication of mental impairment at that time which would have alerted the court to the need of a further inquiry (see People v Brooks, 89 AD3d 747 [2011], lv denied 18 NY3d 955 [2012]; see also People v Francis, 38 NY2d 150, 154 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 27, 2018