People v Gott (2018 NY Slip Op 07326)





People v Gott


2018 NY Slip Op 07326


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-03003
2016-03004

[*1]The People of the State of New York, respondent,
v
Darlene Gott, appellant. (Ind. Nos. 1056/15, 1267/15)


Del Atwell, East Hampton, NY, for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from two judgments of the County Court, Suffolk County (Martin Efman, J.), both rendered March 9, 2016, convicting her of burglary in the second degree under Indictment No. 1056/15, and attempted assault in the second degree and driving while intoxicated, as a misdemeanor, in violation of Vehicle and Traffic Law § 1192(3), under Indictment No. 1267/15, upon her pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, the record demonstrates that she pleaded guilty knowingly, intelligently, and voluntarily (see People v Fiumefreddo, 82 NY2d 536, 546). The defendant's claim that the voluntariness of her pleas of guilty was impaired by mental illness or the side effects of psychiatric medication is unsupported by the record (see People v Banner, 122 AD3d 641, 642; People v Brooks, 89 AD3d 747, 747; People v M'Lady, 59 AD3d 568, 568). Rather, the record demonstrates that the defendant understood the charges against her and the pleas of guilty were " voluntarily made with the advice of counsel following an appraisal of all the relevant factors'" (People v Haffiz, 19 NY3d 883, 884, quoting People v Dixon, 29 NY2d 55, 57; see People v Smith, 148 AD3d 939, 940; People v McGuire, 122 AD3d 947, 947). Accordingly, we agree with the County Court's determination denying, without a hearing, the defendant's motion to withdraw her pleas of guilty (see People v Fiumefreddo, 82 NY2d at 546; People v Smith, 148 AD3d at 940; People v McGuire, 122 AD3d at 947-948).
By pleading guilty, the defendant forfeited review of her CPL 30.30 claim that she was denied a speedy trial (see People v Grafton, 153 AD3d 933, 933; People v Kidd, 100 AD3d 779, 779). A claim that the defendant was denied her constitutional right to a speedy trial would have survived entry of a plea of guilty, but the defendant did not make a motion to dismiss the indictment on constitutional grounds. "[T]here having been no denial of a request for such relief, as a matter of appellate procedure . . . there was no ruling of the trial court in this action to be reviewed" on appeal (People v Jordan, 62 NY2d 825, 826; see People v Davison, 92 AD3d 691, 692).
The defendant's waiver of the right to appeal precludes review of her claim of [*2]ineffective assistance of counsel, except to the extent that she claims that ineffective assistance of counsel may have affected the voluntariness of the pleas (see People v Weston, 145 AD3d 746, 747; People v Perazzo, 65 AD3d 1058, 1059). "Moreover, [b]y pleading guilty, the defendant forfeited . . . h[er] claims of ineffective assistance of counsel which do not directly involve the bargaining process'" (People v Perazzo, 65 AD3d at 1059). To the extent that the defendant contends that counsel's conduct affected the voluntariness of the pleas or involved the plea bargaining process, her claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Spencer, 149 AD3d 983, 984; People v Marryshow, 135 AD3d 964, 965; cf. People v Crump, 53 NY2d 824, 825). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety (see People v Spencer, 149 AD3d at 983; People v Marryshow, 135 AD3d at 965; People v Maxwell, 89 AD3d at 1109).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court