People v Stephens (2020 NY Slip Op 04592)





People v Stephens


2020 NY Slip Op 04592


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-09153
2017-09173

[*1]The People of the State of New York, respondent,
v
Jeffrey Stephens, appellant. (Ind. Nos. 16-01322, 16-01098)


Scott M. Bishop, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Westchester County (Barbara Gunther Zambelli, J.), both rendered August 1, 2017, convicting him of robbery in the third degree under Indictment No. 16-01322, and criminal possession of a controlled substance in the fifth degree under Indictment No. 16-01098, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, without a hearing, of the defendant's motion pursuant to CPL 220.60(3) to withdraw his pleas of guilty.
ORDERED that the judgments are affirmed.
The County Court providently exercised its discretion in denying the defendant's motion to withdraw his pleas of guilty. A motion to withdraw a plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Jemmott, 125 AD3d 1005, 1006). A hearing will be granted only in rare instances (see People v Goberman, 164 AD3d 602, 603). Here, the record establishes that the defendant's pleas of guilty were knowingly, voluntarily, and intelligently entered. While the presentence report indicated that the defendant had been diagnosed with bipolar disorder and schizophrenia, and that the defendant had been prescribed medication to alleviate the symptoms of those conditions, there is no basis in the record to support the conclusion that, at the time of the plea proceedings, the defendant lacked the capacity to understand the nature of the proceedings or the consequences of his pleas (see People v Alexander, 97 NY2d at 486; People v Galea, 167 AD3d 652, 652-653; People v DeBenedetto, 120 AD3d 1428, 1429; People v Brooks, 89 AD3d 747). During the plea proceedings, the defendant confirmed that he did not take any medications that interfered with his ability to understand what was happening at the proceedings, appropriately responded to the questions asked of him, and gave no indication that he was mentally incapacitated (see People v Galea, 167 AD3d at 653; People v DeBenedetto, 120 AD3d at 1429; People v Brooks, 89 AD3d at 747-748).
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court