People v Gudanowski (2020 NY Slip Op 06141)





People v Gudanowski


2020 NY Slip Op 06141


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-11120

[*1]The People of the State of New York, respondent,
v
Paul T. Gudanowski, appellant. (S.C.I. No. 17-00263) Richard N. Lentino, Middletown, NY, for appellant.


David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered September 25, 2017, convicting him of assault in the second degree and driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his appeal waiver was invalid because the County Court did not advise him of the limited number of claims that survive the waiver of the right to appeal. "[A] waiver of the right to appeal is not an absolute bar to the taking of a first-tier direct appeal" (People v Thomas, 34 NY3d 545, 558; see People v Callahan, 80 NY2d 273, 280). "Appeal waivers using such shorthand pronouncements [such as 'waiver of the right to appeal'] are enforceable so long as the totality of the circumstances reveals that the defendant understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d at 559). "[P]roper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding, a written appeal waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system" (id. at 560). The Court of Appeals has noted that "the Model Colloquy for the waiver of right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee neatly synthesizes our precedent and the governing principles and provides a solid reference for a better practice" (id. at 567; see People v Batista, 167 AD3d 69, 76; NY Model Colloquies, Waiver of Right to Appeal). Here, contrary to the People's contention, the defendant was not required to preserve for appellate review his challenge to the validity of the appeal waiver (see People v Ramos, 135 AD3d 1234, 1235; People v McGrew, 118 AD3d 1490, 1490; People v Baliraj, 101 AD3d 1175, 1176; People v Hoover, 37 AD3d 298, 299-300). The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The court's colloquy suggested that the appellate rights waived encompassed an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief (see People v Thomas, 34 NY3d at 564-566), and the written waiver form also mischaracterized the nature of the right to appeal by stating that the waiver encompassed all issues relating to the defendant's plea and sentence. Thus, the purported waiver does not preclude appellate review of any of the defendant's contentions.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; [*2]see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention that his constitutional right to a speedy trial was violated is unpreserved for appellate review since it is raised for the first time on appeal (see People v Price, 150 AD3d 1153, 1153; People v Worthy, 138 AD3d 1042, 1043). In any event, upon balancing all of the factors to be considered, we find that the defendant's right to a speedy trial was not violated (see People v Taranovich, 37 NY2d 442, 445; People v Briggs, 123 AD3d 1051, 1052; People v Franco, 104 AD3d 790, 791).
The defendant's contention that the County Court failed to properly advise him of all of his constitutional rights under Boykin v Alabama (395 US 238) is unpreserved for appellate review (see People v Holloway, 154 AD3d 966), and, in any event, without merit.
The defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for appellate review (see People v Elcine, 43 AD3d 1176; People v Nash, 38 AD3d 684). Moreover, the "rare case" exception to the preservation requirement as enunciated in People v Lopez (71 NY2d 662, 666), does not apply because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Nash, 38 AD3d 684). In any event, the defendant's contention is without merit.
The defendant's remaining contentions cannot be resolved without reference to matter outside the record, and we therefore cannot review those claims on this direct appeal (see People v Franco, 104 AD3d at 791).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER: Aprilanne Agostino
Clerk of the Court