People v Streety (2021 NY Slip Op 50017(U))

[*1]

People v Streety (Charles)

2021 NY Slip Op 50017(U) [70 Misc 3d 134(A)]

Decided on January 15, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan JJ.

15-430

The People of the State of New York,
Respondent, 
against
Charles J. Streety, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered February 13, 2015, after a plea of guilty, convicting
him of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered February 13, 2015, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary (see
People v Conceicao, 26 NY3d 375, 382-383 [2015]). In satisfaction of an accusatory
instrument charging petit larceny and fifth-degree criminal possession of stolen property,
defendant pleaded guilty to the single count of petit larceny in exchange for a sentence of time
served. At the plea proceeding, defendant stated that he was pleading guilty voluntarily and was
advised by the court of the specific constitutional rights he was waiving, including the right to a
trial, the right to remain silent and the right to have the People prove his guilt beyond a
reasonable doubt. Although defendant momentarily stated that he "was buying coffee," after
conferring with counsel, he admitted his guilt to stealing items from a store, as alleged in the
accusatory instrument. Under these circumstances, and in light of defendant's obvious familiarity
with the criminal justice system resulting from 34 prior guilty pleas, there was no need for the
court to conduct a further inquiry (see People v Bermudez, 228 AD2d 237 [1996], lv
denied 89 NY2d 919 [1996]; People v Alford, 167 AD2d 232 [1990], lv denied
77 NY2d 835 [1991]; see also People v Butler, 200 AD2d 515 [1994], lv denied
83 NY2d 850, 855 [1994].
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it
does not grant a dismissal. Because we do not find that dismissal would be appropriate, we
affirm on this basis as well (see People v Teron, 139 AD3d 450 [2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 15, 2021