People v Lisboa (2021 NY Slip Op 50200(U))

[*1]

People v Lisboa (Rodrigo)

2021 NY Slip Op 50200(U) [70 Misc 3d 144(A)]

Decided on March 12, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 12, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570665/15

The People of the State of New 
 York, Respondent,
against
Rodrigo Lisboa, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Guy H. Mitchell, J.), rendered March 5, 2015, convicting him, upon a plea of
guilty, of criminal possession of a forged instrument in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered March 5, 2015, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally
valid because it described facts of an evidentiary nature establishing reasonable cause to believe
that defendant was guilty of criminal possession of a forged instrument in the third degree
(see Penal Law § 170.20). Defendant's possession of a forged instrument was
satisfied by allegations that the Metrocard in his pocket "was bent in a location on the magnetic
strip ... in a way that obliterates the encoded data and alters the value of the Metrocard as read at
the turnstiles" (see People v Mattocks, 12 NY3d 326, 330 [2009]; People v McFarlane, 63 AD3d
634, 635 [2009], lv denied 13 NY3d 837 [2009]). In addition, at the pleading stage,
defendant's knowledge of the forgery may be inferred from the visible alteration of the card,
which was located in his inside jacket pocket (see People v Gretzinger, 164 AD3d 1021, 1022 [2018]), and his
intent to defraud can be inferred from his presence within the transit system, near the turnstiles
(see People v Johnson, 65 NY2d 556 [1985]; People v Bracey, 41 NY2d 296, 301
[1977]). Defendant's use or attempted use of the Metrocard is not an element of the offense and
need not be pleaded (see People v
Rodriguez, 17 NY3d 486, 490 [2011]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 12, 2021