People v Cortes (2021 NY Slip Op 50546(U))

[*1]

People v Cortes (Corey)

2021 NY Slip Op 50546(U) [71 Misc 3d 141(A)]

Decided on June 11, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 11, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570350/19

The People of the State of New York,
Respondent,
against
Corey Cortes, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ilana J. Marcus, J.), rendered April 10, 2019, convicting him, upon his plea of
guilty, of forgery in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ilana J. Marcus, J.), rendered April 10, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518
[2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described
facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty
of forgery in the third degree (see Penal Law § 170.05) and criminal possession of a
forged instrument in the third degree (see Penal Law § 170.20). The instrument
recites that a police officer inside a specified subway station observed defendant "bend one
MetroCard along the magnetic strip and swipe the MetroCard multiple times in an attempt to
gain access to the subway transit system;" that the officer recovered the MetroCard from
defendant's hand; and that the officer knew from his training and experience that "bending
MetroCards in this way can alter a card with zero balance so that it will provide a ride to the
user" (see People v Mattocks, 12
NY3d 326, 330 [2009]; People v
Roman, 8 Misc 3d 1026[A], 2005 NY Slip Op 51291[U] [Crim Ct, NY County 2005]).
No additional evidentiary details were required for the People's pleading to provide "adequate
notice to enable defendant to prepare a defense and invoke his protection against double
jeopardy" (People v Kasse, 22
NY3d 1142, 1143 [2014]).
The record establishes that defendant's plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d
375, 382-383 [2015]; People v
Sougou, 26 NY3d 1052, 1054—1055 [2015]). Defendant waived formal
allocution, admitted his guilt to the charged forgery offense, stated that he had time to discuss his
case with counsel, and waived specific constitutional rights, including the right to trial. Contrary
to defendant's present claim, defense counsel's request that the case be "marked for medical
attention" at the start of the plea proceeding did not engender doubt regarding the voluntariness
of his plea (see People v Toxey, 86 NY2d 725, 726 [1995]). Defendant did not indicate at
his plea that he was motivated by a desire to obtain medical treatment (see People v Rodriguez, 83 AD3d
449 [2011], lv denied 17 [*2]NY3d 800 [2011]);
People v Greeman, 194 AD2d 397 [1993], lv denied 82 NY2d 719 [1993]).
Defendant was rational and coherent throughout the plea proceedings, capably responded to the
questions put to him, demonstrated his understanding of the terms and consequences of the plea,
and gave no indication of impairment at that time which would have alerted the court to the need
of a further inquiry (see People v
Brooks, 89 AD3d 747 [2011], lv denied 18 NY3d 955 [2012]; People v M'Lady, 59 AD3d 568
[2009], lv denied 12 NY3d 918 [2009]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and
he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it
cannot be said that no penological purpose would be served by remanding the matter to Criminal
Court for further proceedings, dismissal is not warranted and therefore, we affirm on this basis as
well (see People v Conceicao, 26 NY3d at 385 n 1; People v Teron, 139 AD3d 450 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 11, 2021