People v Tounkara (2022 NY Slip Op 50003(U))

[*1]

People v Tounkara (Oumar)

2022 NY Slip Op 50003(U) [73 Misc 3d 148(A)]

Decided on January 7, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 7, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570699/16

The People of the State of New York,
Respondent,
against
Oumar Tounkara, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Guy H. Mitchell, J.), rendered September 24, 2016, convicting him, upon his plea
of guilty, of criminal possession of a forged instrument in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered September 24, 2016, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518
[2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described
facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty
of criminal possession of a forged instrument in the third degree (see Penal Law §
170.20). The instrument recited that a police officer inside a specified subway station observed
defendant "bending a MetroCard"; that the officer recovered the MetroCard from defendant's
hand and observed that "it was bent in a location on the magnetic strip"; and that the officer knew
from his training and experience that bending MetroCards in this way could "alter a card with
zero balance so that it will provide a ride to the user" (see People v Mattocks, 12 NY3d 326, 330 [2009]; People v Cortes, 71 Misc 3d
141[A], 2021 NY Slip Op 50546[U] [App Term, 1st Dept 2021], lv denied 37 NY3d
991 [2021]). For purposes of our threshold, pleading-stage inquiry, defendant's knowledge of the
forgery and intent to defraud could be inferred from his actions and the surrounding
circumstances (see People v Johnson, 65 NY2d 556 [1985]; People v Bracey, 41
NY2d 296, 301 [1977]; People v
Lisboa, 70 Misc 3d 144[A], 2021 NY Slip Op 50200[U] [App Term, 1st Dept 2021],
lv denied 37 NY3d 958 [2021]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 7, 2022