People v White (2025 NY Slip Op 00996)

People v White

2025 NY Slip Op 00996

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2021-02367
 (Ind. No. 373/18)

[*1]The People of the State of New York, respondent,
v
Tasjawn White, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg and Shawn Hennessy of counsel), for appellant.
Susan Cacace, District Attorney, White Plains, NY (Shea Scanlon Lomma and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered February 18, 2021, convicting him of murder in the first degree, attempted murder in the second degree, and robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to murder in the first degree, attempted murder in the second degree, and robbery in the first degree. Prior to sentencing, the defendant moved to withdraw his plea of guilty. The County Court denied the motion without a hearing and imposed sentence. The defendant appeals.
"The decision whether to permit a defendant to withdraw a plea of guilty is a matter within the sound discretion of the court and will not be disturbed absent an improvident exercise of discretion" (People v Ramos, 77 AD3d 773, 774; see CPL 220.60[3]). "Such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v Barnes, 210 AD3d 792, 793 [internal quotation marks omitted]; see People v Matos, 176 AD3d 976, 976). "A defendant's contention that his or her plea was not knowing, voluntary, and intelligent survives a valid appeal waiver" (People v Torres, 192 AD3d 831, 832). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927).
Here, the record demonstrates that the plea was knowingly, voluntarily, and intelligently entered (see People v McClurkin, 231 AD3d 748, 749; People v Tirado, 221 AD3d 832, 833). While the opinion of a psychiatrist and the defendant's medical records indicated that the defendant had a history of mental illness, there is no basis in the record to support the conclusion that, at the time of the plea proceedings, the defendant lacked the capacity to understand the nature of the proceedings or the consequences of his plea (see People v Stephens, 186 AD3d 751, 751-752; [*2]People v Harris, 166 AD3d 801, 801). To the contrary, the defendant's responses at the plea proceedings were appropriate and did not indicate that he was incapacitated (see People v Duart, 144 AD3d 1173, 1175; People v Gordon, 107 AD3d 739, 740). Accordingly, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea without a hearing.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court